Argued and submitted February 27, reversed and remanded for new trial
June 12, 2003

## STATE OF OREGON,
*Respondent,*

*v.*

## JEANNE MARIE BARLETTA,
*Appellant.*

MI-01-2472; A117831

71 P3d 166

Thomas A. Hill argued the cause for appellant. With him on the briefs were Lawrence M. Gorman, and Bruce J. Brothers & Associates.

Michael J. Slauson, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

Defendant appeals her conviction for Driving Under the Influence of Intoxicants (DUII), ORS 813.010, assigning error to the trial court's denial of her motion to suppress the results of her breath alcohol test. We reverse and remand.

The facts come entirely from the testimony of the arresting officer and are essentially undisputed. On September 23, 2001, Deputy Zervas arrested defendant for DUII and brought her to the Deschutes County Jail. At 9:43 p.m., shortly after arriving at the jail, Zervas inspected defendant's mouth and determined that there was nothing inside it. At 10:04 p.m., he checked it again, with the same result. At 10:06 p.m. defendant took the breath alcohol test. At some point during the period between 9:43 p.m. and 10:04 p.m., Zervas permitted defendant to use the restroom. He waited outside the door but did not testify concerning what, if anything, he heard or could have heard while defendant was inside. Zervas does not remember whether defendant's use of the restroom came during the 15 minutes immediately before she took the breath alcohol test or before that 15-minute period began. He did not ask her, after she came out of the restroom, whether she had burped, regurgitated, or vomited while she was inside. Also, Zervas testified, "I don't know whether she burped or not. She could have." Defendant moved, based on Zervas's testimony, to suppress the evidence of the result of the breath alcohol test. The trial court denied the motion, and defendant then entered a conditional guilty plea to the charge of DUII.

■■ ORS 813.160(1) establishes the requirements for a blood alcohol or breath test to be valid evidence under ORS 813.300 in a prosecution for DUII. Under ORS 813.160(1)(b)(A), the Department of State Police must approve the methods of performing chemical analyses of a person's breath. OAR 257-030-0070 (2)(a), one of the rules that the State Police adopted pursuant to the statute, requires the operator to be certain that the person

> "has not taken anything by mouth (drinking, smoking, eating, taking medication, etc.), vomited, or regurgitated liquid from the stomach into mouth, for at least fifteen minutes before taking the test[.]"

The focus of the rule is on the officer's conduct—whether the officer has complied with the precautions that the rule establishes. *See State v. Balderson*, 138 Or App 531, 534, 910 P2d 1138 (1996), *rev dismissed*, 327 Or 555 (1998) (discussing predecessor rule). The test for determining whether the officer has complied with the rule is both subjective and objective.

> "First, the rule requires that the operator of the test form a subjective belief to the degree of 'certainty' that the test subject has not engaged in any of the acts described by the rule. Second, that belief must be reasonable under the circumstances."

*State v. Tynon*, 152 Or App 693, 696, 955 P2d 250 (1998), *rev den*, 328 Or 365 (1999).

In this case, Zervas was subjectively certain that defendant had not taken anything by mouth during the 15 minutes before the test. He testified that the only available substance in the restroom was toilet water and that he was certain that defendant had not drunk any of that. It is less clear that he was subjectively certain that defendant had not vomited or regurgitated during that same period; he simply did not focus on those issues. However, even if he had the necessary subjective belief, his belief must have been objectively reasonable. There is little basis in the evidence for a conclusion that Zervas could have known whether defendant vomited while she was in the restroom. He did not testify that he could have heard her vomit, nor did he describe the thickness of the door, the noise in the room where he waited for her, or other things that would be relevant to whether he could have heard her.

Despite Zervas's lack of testimony on those issues, the state argues that Zervas's belief was objectively reasonable because it is inferrable that he was in a position to have heard defendant vomit while she was in the restroom. However, the state does not point to anything in Zervas's testimony that supports that assertion. In fact, Zervas testified on cross-examination that it was "possible" that defendant had regurgitated, burped, or vomited. But even if we were to agree with the state that there is a reasonable basis for believing that Zervas could have heard defendant vomit, the

state does not argue that he could have heard her regurgitate. The rule is clear; the regurgitation of liquid from the stomach into the mouth in the pertinent time period invalidates the test. Because there was no objectively reasonable basis for Zervas's belief, if any, that she had not regurgitated, he did not comply with the rule before administering the breath alcohol test. It follows that the trial court erred in denying the motion to suppress.

Reversed and remanded for new trial.